JOURNAL ENTRY AND OPINION *Page 1 
{¶ 1} Appellants Nationwide Mutual Insurance Company, Nationwide Insurance Company, and Nationwide Mutual Fire Insurance Company (hereinafter collectively referred to as "Nationwide") appeal from the trial court's granting of summary judgment in favor of appellee Scott Purchase. Nationwide sets forth the following assigned error for our review:
 "I. In light of the Ohio Supreme Court's decision in Hedges v. Nationwide Mut. Ins. Co., 2006-Ohio-1926, decided May 3, 2006, the trial court erred when it granted plaintiff's motion for summary judgment on the issue of coverage and denied the defendant's motion for summary judgment on the issue of coverage."
 {¶ 2} Having reviewed the record and pertinent law, we vacate the trial court's decision and enter judgment for Nationwide. The apposite facts follow.
 Facts and Procedural History {¶ 3} The underlying facts of this case are not in dispute. On May 17, 2001, Loretta Purchase was killed when John E. McMillion drove his automobile into a pick-up truck, in which she was a passenger. McMillion was uninsured.
 {¶ 4} Scott Purchase is the decedent's son. On May 13, 2003, he filed a complaint for declaratory judgment against Nationwide, which was his automobile insurance carrier at the time of the accident.[1] There is no dispute that the decedent *Page 4 
is not an insured under her son's automobile policy. Purchase requested the court to declare that under his contract of insurance with Nationwide, he is entitled to coverage for his non-physical losses he suffered as a result of his mother's death under the UM/UIM provision of his contract.
 {¶ 5} Both parties filed motions for summary judgment. Purchase requested summary judgment asserting that the Ohio Supreme Court's decision in Moore v. State Auto Ins.[2] involved similar facts and circumstances and applied to his claim. Moore held that R.C. 3937.18(A) does not permit an insurer to limit UM/UIM coverage in such a way that an insured must suffer bodily injury, sickness, or disease to recover from the insurer.
 {¶ 6} Nationwide argued that because Moore interpreted an earlier version of R.C. 3937.18(A), Moore did not control the case. The version of R.C. 3937.18(A) in effect when Purchase entered into his contract with Nationwide was the version that was amended later, in 1997, by H.B. 261. Therefore, Nationwide contended that the H.B. 261 version of R.C.3937.18(A) permits an insurer to limit UM/UIM coverage to accidents in which the insured suffers bodily injury.
 {¶ 7} The trial court denied Nationwide's motion, but granted Purchase's motion, stating in pertinent part:
 "In Young v. Cincinnati Insurance Co., the Eighth District held that S.B. 267 cannot affect a policy issued pursuant to S.B. 20 until a two year period of coverage has expired. The court held that such a *Page 5 
construction would be retroactive and that S.B. 267 can be incorporated only after the expiration of the two year period. At the time of the motor vehicle accident in the case at bar, plaintiff was in midst of a two year period that started prior to the applicability of S.B. 267 and therefore plaintiff has a viable Moore
claim."[3]
 Standard of Review {¶ 8} We review an appeal from summary judgment under a de novo standard of review.[4] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[5] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the non-moving party.[6]
 {¶ 9} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[7] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet *Page 6 
this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[8]
 Coverage Inappropriate {¶ 10} In its sole assigned error, Nationwide argues the Ohio Supreme Court's decision in Hedges v. Nationwide Mutual Ins. Co.[9] bars Purchase's claims for coverage. There is no genuine issue of material fact for this court to consider because the facts of this case are not in dispute. Rather, this case turns on the history of R.C. 3937.18 and whether Hedges applies to Purchase's policy.
 {¶ 11} Purchase's policy was originally effective on September 11, 1998. Pursuant to R.C. 3937.31(A), every insurance contract must have a guaranteed two years in which the terms of the policy cannot be altered except by agreement of the parties. Thus, the terms of his September 11, 1998 policy were effective until September 11, 2000. Then again renewed to be effective from September 11, 2000 until September 10, 2002, which would cover the time of the May 17, 2001 accident. Therefore, there is no question that Purchase's policy was entered after H.B. 261 amended R.C. 3937.18(A) to allow insurers to limit UM/UIM coverage to accidents in which an insured suffers bodily injury. Prior to this amendment, R.C.3937.18(A) did not clearly limit damages to bodily injuries of the insured. *Page 7 
 {¶ 12} The Supreme Court of Ohio in Hedges v. Nationwide[10] held that Moore v. State Auto Mut Ins. Co.,[11] does not apply to the version of R.C. 3937.18(A) as amended by 1997 H.B. 261. The Court's decision in Hedges did not overrule Moore, but rather limitedMoore to insurance contracts governed by the S.B. 20 version of R.C.3937.18, which was enacted in 1994.
 {¶ 13} In Hedges, like the instant case, the plaintiff attempted to recover damages under her automobile policy's UM/UIM provision for the death of her son, who was not an insured under her policy. The plaintiff cited to Moore in support of her argument for coverage. The Supreme Court concluded:
 "We infer that when the General Assembly amended the statute, changing the word "person" to "insured," it intended to clarify that insurers could limit UM/UIM coverage to accidents in which an insured suffers bodily injury. The clear meaning of R.C. 3937.18(A) as amended by H.B. 261 is that a UM/UIM provision may restrict coverage to damages arising from bodily injury to an insured. Because Moore based its analysis on a different version of R.C. 3937.18, we hold that Moore does not apply to the H.B. 261 version of R.C. 3937.18."[12]
 {¶ 14} Pursuant to the Hedges decision, it is clear that under the 1997 H.B. 261 version of R.C. 3937.18(A), insurers are allowed to restrict UM/UIM coverage to accidents in which an insured suffers bodily injury, sickness, or disease. Purchase's policy became effective after the amendment. Thus, the trial court's finding that Purchase set forth aMoore claim was erroneous. Although the court also *Page 8 
additionally relied on this court's decision in Young v. Cincinnati Ins.Co.,[13] we did not address H.B. 261 in that case. Accordingly, Nationwide's assigned error is sustained.
Judgment vacated and entered for Nationwide.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified coy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, P.J. and ANN DYKE, J., CONCUR.
[1] He also alleged a wrongful death action against John E. McMillion. Service on McMillion was not obtained within one year. In fact, it was never obtained. Therefore, pursuant to Civ.R. 3(A), the claim against McMillion was never commenced and not before the trial court for its consideration. Accordingly, because the action against McMillion was never commenced, and the claims against Nationwide have been resolved, Civ.R. 54 does not apply, and the appeal is from a final appealable order. See, Blanton v. Alley, 4th Dist. No. 02CA685, 2003-Ohio-2594.
[2] 88 Ohio St.3d 27, 2000-Ohio-264.
[3] Journal Entry, April 26, 2006.
[4] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[5] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[6] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[7] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[8] Id. at 293.
[9] 109 Ohio St.3d 70, 2006-Ohio-1926.
[10] 109 Ohio St.3d 70, 2006-Ohio-1926, syllabus.
[11] 88 Ohio St.3d 27, 2000-Ohio-264.
[12] Id. at ¶ 25.
[13] Cuyahoga App. No. 82395, 2004-Ohio-54. *Page 1