OPINION
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Loc.R. 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Plaintiff-Appellant, Brenda Dickerson, appeals a judgment of the Defiance County Common Pleas Court granting summary judgment in favor of Defendant-Appellee, State Farm Mutual Automobile Insurance Company ("State Farm"). Dickerson maintains the trial court erred by finding that the named driver exclusion contained in her automobile insurance policy limited her recovery of underinsured motorist ("UIM") benefits. We find that the limitation on Dickerson's UIM coverage sought by State Farm is not permissible under Ohio law. Therefore, we sustain Dickerson's assignment of error, reverse the judgment of the trial court, and remand the cause for further proceedings consistent with this opinion.
 {¶ 3} On November 2, 1997, Dickerson and State Farm entered into an automobile liability insurance policy that included UIM coverage. The policy also included a named driver exclusion specifically excluding all coverage under Dickerson's policy for any loss caused by her daughter, Adele Parrish.
 {¶ 4} Subsequently, on November 16, 1998, both Adele and Dickerson's son, Gregory Parrish, were killed when the car driven by Adele collided with a tractor trailer. At the time of the accident, Adele had an insurance policy with Progressive with a $12,500 liability limit.
 {¶ 5} Dickerson brought a wrongful death claim against Adele's estate based upon the death of her son, Gregory. Adele's carrier paid the full $12,500 allowed under her policy, but these proceeds proved to be inadequate to fully compensate Dickerson's loss. Thereafter, Dickerson made a UIM claim under the underinsured motorist provision of her policy with State Farm. State Farm denied the claim maintaining that the policy's named driver exclusion precluded coverage because the loss had been caused by Adele.
 {¶ 6} Dickerson brought suit challenging State Farm's denial of her claim, and both parties filed summary judgment motions. The trial court found that the named driver exclusion eliminated State Farm's liability for losses arising from the actions of Adele. Accordingly, the trial court granted State Farm's motion for summary judgment and denied Dickerson's. It is from this judgment Dickerson appeals presenting the following sole assignment of error for our review:
It was error for the Common Pleas Court to grant the motion for summaryjudgment of Defendant-Appellee State Farm Insurance and deny that ofPlaintiff-Appellant Brenda Dickerson on the issue of whether Dickersonwas entitled to underinsured motorist benefits when the exclusion reliedupon by State Farm was not authorized by the Ohio Uninsured Motorist Act(R.C. 3937.18).
 {¶ 7} In this assignment of error, Dickerson contends Ohio law does not permit named driver exclusions to exclude UIM coverage based upon wrongful death losses.
 Standard of Review {¶ 8} An appellate court reviews a summary judgment order de novo.[1] Summary judgment is appropriate when, looking at the evidence as a whole: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party.[2] If any doubts exist, the issue must be resolved in favor of the nonmoving party.[3]
 {¶ 9} The party moving for the summary judgment has the initial burden of producing some sort of evidence which affirmatively demonstrates the lack of a genuine issue of material fact.[4] The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; they may not rest on the mere allegations or denials of their pleadings.[5]
 {¶ 10} Neither party in this case is disputing the facts. Nor is State Farm contesting that they would be liable for Dickerson's under compensated loss of her son absent the named driver exclusion. Rather, the dispute involves the interpretation of a prior version of R.C. 3937.18
and the affect of a named driver exclusion on UIM coverage. State Farm contends that both statutory and case law allows an insurance policy to exclude UIM benefits, while Dickerson maintains that such an exclusion is contrary to the law. Both parties agree that the version of R.C. 3937.18
as amended in September of 1997 applies.
 Named driver exclusions and UIM coverage under former R.C. 3937.18 {¶ 11} In order to be valid, an insurance policy exclusion of UIM coverage must conform to R.C. 3937.18.[6] In support of their contention that the named driver exclusion herein conforms with Ohio statutory law State Farm cites to the applicable version of R.C.3937.18(J)(3), which states:
(J) The coverages offered under division (A) of this section orselected in accordance with division (C) of this section may includeterms or conditions that preclude coverage for bodily injury or deathsuffered by an insured under any of the following circumstances:
* * *
(3) When the bodily injury or death is caused by a motor vehicleoperated by any person who is specifically excluded from coverage forbodily injury liability in the policy under which the uninsured andunderinsured motorist coverages are provided (emphasis added).
 {¶ 12} Because it is remedial legislation, we must liberally construe R.C. 3937.18 to effectuate its legislative purpose.[7] The legislative purpose of R.C. 3937.18 is, "to protect persons from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated."[8] Liberally construing the language of R.C. 3937.18, we can not say that it allows the kind of named driver exclusion that State Farm suggests.
 {¶ 13} The above language only allows an insurance policy to exclude from UIM coverage bodily injury or death actually suffered by the insured. Herein, Dickerson is seeking recovery for the wrongful death of her son. She is not claiming she has suffered any kind of bodily injury or death. Indeed a recovery for the tort of wrongful death is based upon losses such as the loss of support, loss of companionship, and the loss of services.[9] Further, the only bodily injury and death which occurred was that of Dickerson's son. The language of R.C. 3937.18
clearly states that the bodily injury or death must be that of the insured. Therefore, because Dickerson's loss was neither bodily injury nor death, it does not fall under those categories of losses which may properly be excluded from UIM coverage under R.C. 3937.18.
 {¶ 14} However, this does not mean that the exclusion was of no effect at all. R.C. 3937.18 does render a named driver exclusion effective as excluding from UIM coverage bodily injury or death inflicted upon the insured by the person named in the named driver exclusion. In the case herein, for example, if Gregory as an insured under Dickerson's policy, had survived the accident, and had suffered an under-compensated bodily injury, then he would not have been able to receive UIM coverage under the policy. Furthermore, if Dickerson's claim were based on Gregory's right of recovery under her policy then she would be barred from receiving UIM coverage.
 {¶ 15} However, Dickerson's claim is not based upon either bodily injury to herself or Gregory's right of recovery. It is based upon her under-compensated wrongful death loss. Because R.C. 3937.18 does not provide for the exclusion of wrongful death losses from UIM coverage, such an exclusion would be contrary to Ohio law.
 {¶ 16} Additionally, State Farm contends that the existing case law of this court specifically allows for such an exclusion. State Farm relies on the case of Johnston v. Indiana Ins. Co.[10] for this assertion.
 {¶ 17} State Farm is correct in relying on Johnston for the principle that named driver exclusions are not unenforceable per se. However, Johnston merely stood for the proposition that an insurance company was free to establish who was and was not an insured under its policy. In Johnston the plaintiff was trying to receive UIM coverage for the person explicitly excluded from the policy in the named driver exclusion. We held that the named driver exclusion conclusively established that certain named individuals were not entitled to any kind of coverage under the policy.
 {¶ 18} That situation is clearly distinguishable from the facts of the case at hand Dickerson is not attempting to recover for Adele's loss and never argues that Adele is covered under the policy. Instead, Dickerson is arguing that she is the insured who suffered a loss because of an underinsured driver and is entitled to recover under her policy.
 {¶ 19} Our holding today does not invalidate the contested named driver exclusion. It is valid as far as clarifying who is excluded from coverage under the policy, namely Adele Parrish. Furthermore, it is a valid exclusion of UIM coverage for any bodily injury or death Adele caused to an insured. However, to the extent that State Farm attempts to extend it to exclude from UIM coverage wrongful death losses, we find that it fails to do so.
 {¶ 20} After reading R.C. 3937.18 and liberally construing it to effectuate its purpose, we find that it does not allow an exclusion of UIM claims based upon the insured's wrongful death losses. Further, we find that this court's prior case law does not support such a broad application of named driver exclusions. Therefore, we find that, under the former version of 3937.18, an exclusion of UIM claims in an insurance policy is contrary to law and invalid to the extent it attempts to limit an insured's wrongful death losses. Accordingly, we reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion.
 {¶ 21} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Shaw and Cupp, JJ., concur.
[1] Hillyer v. State Farm Mut. Auto Ins. Co. (1996), 131 Ohio App.3d 172,175.
[2] Civ.R. 56(C); Horton v. Harwick Chem.l Corp, (1995),73 Ohio St.3d 679, 686-687.
[3] Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
[4] State ex rel. Burnes v. Athens City Clerk of Courts (1998),83 Ohio St.3d 523, 523; see also, Dresher v. Burt (1996),75 Ohio St.3d 280, 293.
[5] Id.
[6] Martin v. Midwestern Group Ins. Comp. (1994), 70 Ohio St.3d 478, paragraph two of the syllabus superceded on other grounds by R.C. 3937.18
as amended in 1997; State Farm v. Alexander (1992), 62 Ohio St.3d 397, paragraph one of the syllabus.
[7] Moore v. State Auto. Mut. Ins. Co. (2000), 88 Ohio St.3d 27, 31;Martin, 70 Ohio St.3d at 480; see, also, Stanton v. Nationwide Mut. Ins.Co. (1993), 68 Ohio St.3d 111, 113.
[8] Moore, 88 Ohio St.3d at 31; Martin, 70 Ohio St.3d at 480.
[9] R.C. 2125.02 (B).
[10] (Mar. 8, 1996), 3rd Dist. No. 12-95-11, unreported.