[Cite as *Johnson v. Progressive Preferred Ins. Co.*, 2011-Ohio-6448.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96068

---

# LILLIAN JOHNSON

## PLAINTIFF-APPELLANT

vs.

# PROGRESSIVE PREFERRED INS. CO., ET AL.

## DEFENDANTS-APPELLEES

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-723296

**BEFORE:** Jones, J., Stewart, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** December 15, 2011

**ATTORNEYS FOR APPELLANT**

Michael I. Shapero
James A. Marx
Shapero & Green LLC
Signature Square II, Suite 220
25101 Chagrin Boulevard
Beachwood, Ohio 44122


**ATTORNEYS FOR APPELLEES**

Joseph R. Tira
Kelly M. Jackson
625 Alpha Drive
Box #011B
Highland Heights, Ohio 44143

LARRY A. JONES, J.:

{¶ 1} Plaintiff-appellant, Lillian Johnson, appeals from the trial court's judgment granting defendant-appellee, Progressive Preferred Insurance Company's, motion for summary judgment. We affirm.

I. Procedural History and Facts

{¶ 2} At all relevant times, Johnson was an insured under an automobile insurance policy issued by Progressive. The declarations page of the policy named Johnson's son, Lavelle Randall, as an excluded driver.

{¶ 3} The policy provided uninsured/underinsured motorist coverage for bodily injury as follows:

{¶ 4} "If you pay the premium for this coverage, we will pay for damages that an insured person is legally entitled to recover from an uninsured motorist or underinsured motorist because of bodily injury:

"1. sustained by the insured person;

"2. caused by an accident; and

"3. arising out of the ownership, maintenance, or use of a motor vehicle by an uninsured motorist or underinsured motorist."

{¶ 5} The policy defined bodily injury as "bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease." The policy provided the following relevant exclusion:

"Coverage under [Part III - Uninsured/Underinsured Motorist Coverage] will not apply * * * to bodily injury sustained by an insured person if the

bodily injury is caused by a motor vehicle operated by any person who is specifically excluded for bodily injury liability coverage under this policy as an excluded driver or under any other provision of this policy[.]"

{¶ 6} In 2008, Randall was operating a motorcycle, which was not covered under the policy, when he was struck by a motor vehicle operated by a tortfeasor; Randall died as a result of the accident. The tortfeasor was an uninsured/underinsured motorist.

{¶ 7} In 2010, Johnson, individually and as administratrix of Randall's estate, filed an action against Progressive, the tortfeasor, the owner of the vehicle driven by the tortfeasor, and several John Does. Default judgment was entered against the tortfeasor and the owner of the vehicle he was driving; the Doe defendants were dismissed from the action by Johnson.

{¶ 8} For her complaint against Progressive, Johnson alleged that Randall was an insured under the policy and was entitled to uninsured/underinsured motorist coverage (fourth claim of complaint). Johnson further alleged that she "suffered sickness and disease and other bodily harm, and severe emotional distress," for which the company was responsible to compensate her (sixth claim of complaint). Progressive answered and counterclaimed for a declaration that it did not owe coverage to Johnson for any claims submitted as a result of the accident.

{¶ 9} Progressive moved for summary judgment. In its motion, Progressive sought judgment in its favor on the grounds that Johnson was not entitled to

recover uninsured/underinsured benefits because she did not suffer bodily injury in the accident and because Randall was not an insured under the policy. Johnson opposed the motion. The trial court granted summary judgment in favor of Progressive, finding that the policy unambiguously excluded Randall as an insured. The trial court further found that Johnson did not suffer bodily injury as a result of the accident and, therefore, was not entitled to benefits.

{¶ 10} Johnson raises the following two assignments of error for our review:

> "[I.] The trial court erred in granting summary judgment to Progressive and denying UM coverage to Johnson, the named insured, for the bodily harm, sickness and/or disease she suffered due to her son's death, which was caused by an uninsured driver, and further erred in ruling as a matter of law that Johnson's medically diagnosed and treated major depressive disorder, which caused physical symptoms and manifestations, and post traumatic stress disorder, did not constitute bodily harm, sickness or disease[ ], and hence did not constitute bodily injury, where the policy specifically defined bodily injury as meaning not only bodily harm, but also sickness or disease.
>
> "[II.] The trial court erred in granting summary judgment to Progressive and in denying UM coverage to the estate and beneficiaries of Johnson's decedent son for wrongful death and bodily injury caused by an uninsured driver."

## II.   Law and Analysis

### A.   Summary Judgment

{¶ 11} Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. The Ohio Supreme Court stated the appropriate test in *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, as follows:

"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274."

{¶ 12} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

B. Insurance Policies

{¶ 13} An insurance policy is a contract, and the relationship between the insurer and the insured is purely contractual in nature. *Nationwide Mut. Ins. Co. v.*

*Marsh* (1984), 15 Ohio St.3d 107, 109, 472 N.E.2d 1061. The interpretation and construction of insurance policies is a matter of law to be determined by the court using rules of construction and interpretation applicable to contracts generally. *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 167-168, 436 N.E.2d 1347; *Value City, Inc. v. Integrity Ins. Co.* (1986), 30 Ohio App.3d 274, 276, 508 N.E.2d 184.

{¶ 14} In insurance policies, as in other contracts, words and phrases are to be given their plain and ordinary meaning unless there is something in the contract that would indicate a contrary intention. *Olmstead v. Lumbermen's Mut. Ins. Co.* (1970), 22 Ohio St.2d 212, 216, 259 N.E.2d 123. Where the provisions of an insurance policy are clear and unambiguous, courts may not indulge themselves in enlarging the contract by implication in order to embrace an object distinct from that contemplated by the parties. *Gomolka* at 168.

{¶ 15} However, where the provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, paragraph one of the syllabus.

C.   Johnson and Bodily Injury

{¶ 16} Johnson claims that she suffered from post-traumatic stress disorder and major depressive disorder as a result of Randall's death and, therefore, that she suffered bodily injury. In opposition to Progressive's summary judgment

motion, Johnson submitted her medical records detailing her diagnoses and treatment. She also submitted publications from the American Psychiatric Association and the United States Department of Health and Human Services, National Institutes of Health, stating that post-traumatic stress disorder and major depressive disorder are serious medical illnesses.

{¶ 17} Progressive does not dispute that Johnson may have suffered from these disorders, or that they are a sickness or disease, but contends that they were not caused by the accident, as required under the policy. We agree.

{¶ 18} The record before us demonstrates that Johnson was not present at the time of the accident or otherwise involved in the accident. We therefore find that she did not suffer "bodily injury * * * caused by [the] accident[,] and arising out of the ownership, maintenance, or uses of a motor vehicle by [the tortfeasor,]" as required under the policy.

{¶ 19} In *Tomlinson v. Skolnik* (1989), 44 Ohio St.3d 11, 540 N.E.2d 716, the Ohio Supreme Court defined bodily injury as "commonly and ordinarily used to designate an injury caused by external violence * * *." The *Tomlinson* court considered a claim under an insurance policy for loss of consortium and stated that "[a]lthough the wife of a husband who has been incapacitated suffers great pain and endures constant anguish * * * such physical manifestations do not render a claim for loss of consortium a 'bodily injury' as that term is commonly understood." Id. at 14.

{¶ 20} The Eleventh Appellate District reached the same conclusion about

bodily injury in *Vance v. Sang Chong, Inc.* (Nov. 9, 1990), Lake App. No. 88-L-13-188. There, an insured suffered fatal injuries when he was involved in a car accident caused by a company's employee. The insured's surviving wife, who was not present for, or otherwise involved in the accident, sought to recover for her bodily injury under the company's insurance policy. The policy defined bodily injury as "sickness or disease including death."

{¶ 21} The Eleventh District declined to find that the surviving wife's emotional distress and mental anguish constituted bodily injury under the policy. The Eleventh District found that the wife "was not present at the time of the accident and her emotional distress was in reaction to her husband's bodily injury."

{¶ 22} In light of the above, Johnson did not suffer bodily injury as a result of this accident and, therefore, was not entitled to recover under the policy. The first assignment of error is therefore overruled.

D.   Randall — An Insured or Not?

{¶ 23} Progressive contends that Randall was not an insured under the policy, while Johnson contends that he was. In support of her contention, Johnson cites the policy's definition of an insured person as "[y]ou or a relative." It is not disputed that Randall was Johnson's relative. Nonetheless, we have to determine whether an exclusion applies; it does.

{¶ 24} "Ohio courts have upheld the validity of named driver exclusions as express rejections of uninsured/underinsured motorist coverage if the exclusions were sufficiently clear." *Nichols v. Progressive Ins. Co.*, Franklin App. No.

01AP-899, 2002-Ohio-3058, ¶40. Randall is clearly named on the declarations page as an "excluded driver." The declarations page is defined as the "document showing your coverages, limits of liability, covered autos, premium, and other policy-related information. The declarations page may also be referred to as the Auto Insurance Coverage Summary." On the four corners of the document, Randall was not an insured under the policy.

{¶ 25} Johnson further cites the following exclusion under the policy in support of her position: uninsured/underinsured coverage will not apply "to bodily injury sustained by an insured person if the bodily injury is caused by a motor vehicle operated by any person who is specifically excluded for bodily injury liability coverage under this policy as an excluded driver * * *." According to Johnson, because Randall did not cause the accident, he should not be precluded from coverage. We disagree. The provision relates to "an insured person." As discussed, Randall was not an insured person, and therefore, for purposes here, it is irrelevant whether he was at fault in causing the accident.

{¶ 26} R.C. 3937.18 governs uninsured/underinsured recovery in Ohio. The statute has evolved over the years, but under the current version, an insurance company may limit uninsured/underinsured motorist coverage to instances where an insured has suffered bodily injury, including death. *Hedges v. Nationwide Mut. Ins. Co.*, 109 Ohio St.3d 70, 2006-Ohio-1926, 846 N.E.2d 16, ¶25. The declarations page of Progressive's policy lists Randall as an excluded driver. Thus, under the plain language of the contract, Randall was not an insured entitled

to coverage.

{¶ 27} Moreover, Johnson is not entitled to uninsured benefits for the death of Randall. In her brief, Johnson relies on *Dickerson v. State Farm Mut. Auto. Ins. Co.*, Defiance App. No. 4-03-12, 2003-Ohio-6704, to support her contention that she is entitled to coverage. In *Dickerson*, a mother sought to recover underinsured motorist benefits for the wrongful death of her son, who was a passenger in a vehicle driven by her daughter, an excluded driver under the policy. The Third Appellate District decided the case before the Ohio Supreme Court's decision in *Hedges* and held that, under the then version of R.C. 3937.18, an insurer could only limit uninsured/underinsured motorist coverage to exclude an insured's bodily injury or death, and because the insured mother's injury was the loss of her son and not her own bodily injury or death, she was entitled to underinsured motorist coverage.

{¶ 28} But, as noted, *Dickerson* was decided prior to *Hedges* and under a prior version of R.C. 3937.18. Under the current version of R.C. 3937.18, an insurer may limit uninsured/underinsured motorist coverage to instances where an insured suffers bodily injury or death. Thus, *Dickerson* is not instructive for this case. Further, in *Dickerson*, no recovery was sought for the injuries sustained by the mother's daughter, who was listed as an excluded driver under the policy.

{¶ 29} We find another Third Appellate District case instructive: *McDaniels v. Rollins*, Allen App. No. 1-04-82, 2005-Ohio-3079. There, the trial court granted summary judgment in favor of Progressive Insurance Company on the plaintiffs'

uninsured/underinsured motorist coverage claim for the wrongful death losses they suffered as a result of the death of their son. The trial court ruled in Progressive's favor because the son was not an insured under the policy. The uninsured/underinsured motorist language in the policy at issue in *McDaniels* was *identical* to the policy language in this case. In construing the policy language, the Third District held as follows:

{¶ 30} "The clear and unambiguous language of the Progressive policy states that the insured person seeking coverage under the policy's UM/UIM provision must have suffered bodily injury. This is a permissible limitation on UM/UIM coverage * * *. The [plaintiffs'] claims against Progressive are based solely on their wrongful death losses and on any bodily injury sustained by an insured. Accordingly, recovery for their wrongful death losses associated with [their son's] death was properly excluded from their UM/UIM coverage, and Progressive was properly granted summary judgment * * *." Id. at ¶35.

{¶ 31} The relevant facts in *McDaniels* and this case were substantially the same. The uninsured/underinsured motorist coverage provisions in the two cases were identical. For the same reasoning articulated by the Third Appellate District, we affirm the trial court's judgment granting summary judgment in favor of Progressive. In sum, Johnson was not entitled to uninsured coverage for her own injuries or the wrongful death of Randall under the policy because Randall was not an insured under the policy at the time of the accident.

{¶ 32} In light of the above, both assignments of error are overruled and the

trial court's judgment is affirmed.

{¶ 33} It is ordered that appellees recover of appellant costs herein taxed.

{¶ 34} The court finds there were reasonable grounds for this appeal.

{¶ 35} It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

{¶ 36} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, JUDGE

COLLEEN CONWAY COONEY, J., CONCURS
MELODY J. STEWART, P.J., CONCURRING
AND DISSENTING IN PART WITH SEPARATE
OPINION


MELODY J. STEWART, P.J., CONCURRING IN PART; DISSENTING IN PART:

{¶ 37} I agree that Johnson's emotional distress and mental anguish do not constitute a "bodily injury" under the Progressive policy. However, I disagree with the majority when it concludes that Johnson's son, Randall, was excluded from coverage. The policy at issue here does not clearly put Johnson on notice that Randall would not have uninsured motorist coverage under a scenario where he was operating a non-listed vehicle and killed, through no fault of his own, by another driver. I would construe this ambiguity against Progressive and hold that the court erred as a matter of law by finding that Randall was excluded from

uninsured motorist coverage.

{¶ 38} Ohio law presumes insurance coverage, so an exclusion to coverage must be clearly expressed. *Sharonville v. Am. Emps. Ins. Co.*, 109 Ohio St.3d 186, 2006-Ohio-2180, 846 N.E.2d 833, ¶ 6.

{¶ 39} Part III of the Progressive policy states the uninsured/underinsured motorists coverage. It provides:

{¶ 40} "If you pay the premium for this coverage, we will pay for damages that an insured person is legally entitled to recover from an uninsured motorist or underinsured motorist because of bodily injury;

"1. sustained by the injured person;

"2. caused by an accident; and

"3. arising out of the ownership, maintenance, or use of a motor vehicle by an uninsured motorist or underinsured motorist." (Emphasis omitted.)

{¶ 41} For purposes of uninsured motorists coverage, the policy defines an "insured" person as, among other things, "you or a relative." (Emphasis omitted.)

{¶ 42} The declarations page of the policy, under the heading "drivers and household residents," lists Johnson as a "named insured" and lists Lavelle Randall as an "excluded driver." Randall is clearly and unambiguously excluded as a "driver" of the listed vehicles insured under the policy, none of which he was driving at the time of the accident. However, according to the policy's definition, because Randall is Johnson's son who lived in the household, he is a relative and thus an

insured.

{¶ 43} Progressive does not actually dispute that Randall is an insured under the policy but argues that he was not an insured at the time of the accident because he was driving a vehicle—regardless of the fact that the vehicle he was driving was not one in which he was excluded from driving under the policy. Tellingly, in response to a question posed to Progressive during oral argument, counsel for Progressive conceded that Randall would have been covered as an insured under the policy if his injuries had occurred in the same manner but as a passenger on the motorcycle. This is a tortured interpretation of the policy. If the accident and Randall's fatal injuries were caused by an uninsured motorist, his status as a passenger or driver seems irrelevant. Progressive's interpretation of the policy cannot work both ways: either Randall is an insured or he is not.

{¶ 44} As previously noted, Johnson's policy defines an insured as "you or a relative." This definition clearly designates Randall, as a relative of Johnson, an insured. No provision of the policy indicates that Randall is not an insured. Specifically, no provision of the policy states that he is excluded as an insured by virtue of his being listed as an excluded driver of Johnson's vehicles. I would find, therefore, that he is an insured and can be denied coverage subject only to limitations set forth in the policy.

{¶ 45} In addition to the clear language on the declarations page of the policy that excludes Randall as a driver of the vehicles listed on the same page, Progressive specifically limited uninsured/underinsured coverage in instances

where Randall, as an excluded driver under the policy, was driving a vehicle and caused an accident. The "EXCLUSIONS" section under Part III - Uninsured/Underinsured motorist coverage of the policy provides in pertinent part: "Coverage under this Part III will not apply: *** 3. To bodily injury sustained by an insured person if the bodily injury is caused by a motor vehicle operated by any person who is specifically excluded for bodily injury liability coverage under this policy as an excluded driver or under any other provision of this policy[.]" (Emphasis omitted.) A plain reading of this provision of the policy precludes uninsured/underinsured motorists coverage when an accident is *caused* by an excluded driver. Neither this provision nor the declarations page of the policy puts Johnson on notice that Randall would be excluded from uninsured/underinsured motorists coverage under the circumstances of the accident in this case. Had Progressive wanted an all-encompassing exclusion policy, it could easily have written one. See, e.g., *Fruit v. State Farm Auto. Ins. Co.*, 8th Dist. No. 87294, 2006-Ohio-4121 (where we held that an all-inclusive exclusion policy clearly prohibited uninsured motorist coverage when an excluded driver was operating a motor vehicle).

{¶ 46} "[A]n exclusion is interpreted narrowly in order not to defeat coverage that would apply absent the exclusion. The general presumption in favor of coverage operates to make an exclusion barring coverage applicable only if it is clearly expressed." *Westfield Ins. Co. v. Hunter*, 128 Ohio St.3d 540, 2011-Ohio-1818, 948 N.E.2d 931, ¶32, citing *Sharonville*, 109 Ohio St.3d at ¶6.

Because the exclusion was not clearly expressed, I would construe the exclusion against Progressive and find that Randall's estate is entitled to recover under the uninsured motorists provisions of the policy.